See also, Okl.Cr.App., 418 P.2d 112.

**Jack Walton TAYLOR, Petitioner,**

**v.**

**STATE of Oklahoma, and the District Court
of Oklahoma County, Oklahoma, Respondents.**

**No. A–14164.**

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1967.

Jack Walton Taylor pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

Jack Walton Taylor was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. He was sentenced to serve 20 years imprisonment in the State Penitentiary and thereafter failed to file an appeal in this Court in the manner prescribed by law. He now attempts to perfect an appeal to this Court under the provisions of 22 O.S.A. § 1073, but fails to allege that he was denied any right relating to an appeal, which precludes this Court from entertaining this attempted appeal. Treating the petition and this contention as an application for habeas corpus, we are of the opinion that the relief prayed for should be denied.

The sole basis upon which the petitioner seeks his release is his allegation that the Oklahoma habitual criminal statute is unconstitutional. This contention has been before the Court of Criminal Appeals many times and similar statutes have been attacked in other jurisdictions, both State and Federal, where the Courts have uniformly upheld the constitutionality of such statutes. In Sanders v. Waters, C.A. 10, 199 F.2d 317, the Court, speaking through the Honorable Judge Pickett, stated that the Oklahoma habitual criminal statute is not unconstitutional as denying equal protection of the laws, as compelling accused to be a witness against himself, or as providing for cruel or unusual punishment. The Oklahoma habitual criminal statute applies equally and impartially to all persons charged under it, and the fact that indictments or informations do not always charge violation of such statute where accused has had prior felony convictions, does not invalidate statute as denying equal protection of the laws. The Oklahoma habitual criminal statute does not define or describe a new and additional offense, but merely provides conditions under which one convicted of a crime may be given a heavier penalty.

For all of the reasons above set forth, petitioner's application for post conviction appeal is dismissed, and the application for writ of habeas corpus is denied.

BRETT, J., and NIX, P. J., concur.