**Michael Lee GASAWAY, Petitioner,**

v.

**Ray H. PAGE, Warden, Respondent.**

**No. A–14781.**

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1968.

Michael Lee Gasaway, pro se.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in which Michael Lee Gasaway has petitioned this court for a writ of habeas corpus seeking his release from his present confinement in the Oklahoma State Penitentiary under authority of judgment and sentence in Case No. 22230, District Court of Tulsa County, Oklahoma, wherein Petitioner was found guilty of manslaughter in the first degree and sentenced to a term of twenty-five years. Petitioner alleges that his present incarceration is illegal in that the judgment and sentence was rendered in violation of Petitioner's constitutional rights; namely, (1) he was coerced into giving an involuntary confession which was admitted in evidence at his trial, (2) by the failure to take him before a magistrate immediately after his arrest, and (3) because he was prosecuted on the basis of an information rather than a grand jury indictment.

We do not find that Petitioner is entitled to habeas corpus release on the basis of his allegations that he was coerced into giving an involuntary confession which was admitted at his trial. We have nothing before us to show or suggest that there was any confession by the Petitioner, or that it was coerced, or that it was admitted in evidence against Petitioner, or that it was inadmissible under the laws of Oklahoma. The only competent way for this Court to review such an issue is by the review of a casemade of the trial. No casemade of the trial is served or submitted and Petitioner has not requested such. It is fundamental that habeas corpus is not a substitute for an appeal. Dentis v. Page, Okl.Cr., 403 P.2d 911. It is clear from the appearance docket in Petitioner's case that he was represented by counsel at all stages of the proceedings against him. These records clearly indicate that Petitioner by his own action waived his right to appeal and he has alleged nothing to warrant an appeal out of time.

The appearance docket indicates that Petitioner went to trial on February 13, 1967, and that a jury verdict of guilty was returned on February 16, 1967. On March 1, 1967, Petitioner while represented by counsel, B. Haden Crawford, was sentenced to twenty-five years imprisonment. Appeal bond was set and Petitioner was remanded to the Sheriff for ten days in which to make such bond or thereupon be sent to the penitentiary. On March 8, 1967, the record reflects that Petitioner, represented by his counsel, requested that the balance of the ten days be waived; that the judgment and sentence be issued and that he be transported to the Oklahoma State Penitentiary for execution of sentence. It is thus apparent that defendant by his own action waived his right to appeal.

As we have noted the only way to competently rule on the issue of the alleged involuntary confession would be by a review of a casemade on appeal. Petitioner has not asked for a post-conviction appeal, nor is there anything before the court at this time that would warrant the granting of such. We find it difficult to believe that Petitioner's very competent attorney, a former United States District Attorney, would fail to appeal if the conviction had been based upon the admission of an involuntary confession. However, there is no reason to indulge in this speculation at this time as there is nothing before us which would warrant relief upon the basis of this allegation.

We further find that there was no violation of any Constitutional rights due to the failure to take Petitioner before a magistrate immediately after his arrest. Petitioner alleges that he was arrested on October 3, 1966, and that he was not taken before a magistrate until the following day, October 4, 1966. There is nothing in this delay to indicate the denial of substantial rights. In Oklahoma the accused must be taken before a magistrate without unnecessary delay and informed of the charge against him. 22 O.S.1961, § 181. In Brown v. State, Okl.Cr., 384 P.2d 54, this court held:

"The Oklahoma statute providing that the defendant must in all cases be taken before the magistrate without unnecessary delay, should be strictly followed."

However, this court has found that a delay of eight days and the delay of thirty-three days in two separate cases did not constitute the denial of substantial rights where the defendants showed no prejudice thereby. In re Dare, Okl.Cr., 370 P.2d 846. Brown v. State, supra. The determination of an unnecessary delay which would constitute denial of substantial rights depends on the circumstances and facts of each case. Luttrell v. Freeman, Okl.Cr., 444 P.2d 857. From the circumstances in the instant case a delay of one day before taking Petitioner before a magistrate does not indicate the denial of substantial rights.

Petitioner's final contention that the judgment and sentence was illegal in that he was prosecuted under an information rather than a grand jury indictment is without merit. This court has dealt with this same contention on numerous occasions and found it without substance. In the early case of In re McNaught, 1 Okl.Cr. 528, 99 P. 241 (1909) in an opinion dealing exhaustively with this contention, this court concluded that under Article II, § 7, of the Oklahoma Constitution, prosecution may be by indictment or information, as they are alternative methods and that a prosecution by information does not violate either the Fourteenth or Fifth Amendment of the United States Constitution. Sisson v. State, Okl.Cr., 426 P.2d 379 (1967).

For the foregoing reasons we find that Petitioner is not entitled to relief and that the application for writ of habeas corpus should be, and hereby is, denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.