Michael Lee GASAWAY, #75114,
Petitioner,

v.

Ray H. PAGE, Warden and the State of
Oklahoma, Respondents.

Civ. No. 69–C–26.

United States District Court
N. D. Oklahoma.

Aug. 11, 1969.

Michael Lee Gasaway, pro se.

G. T. Blankenship, Atty. Gen., and H. L. McConnell, Asst. Atty. Gen., for Ray H. Page.

DAUGHERTY, District Judge.

ORDER

Petitioner seeks his release from Oklahoma state custody by way of Habeas Corpus. 28 U.S.C. § 2254. He was convicted, after jury trial, of the crime of manslaughter in the Tulsa County District Court and sentenced to imprisonment in the State Penitentiary for a term of twenty-five years. He alleges as grounds for his release that (1) he was not taken before the nearest magistrate without undue delay, (2) he was prosecuted by information rather than by grand jury indictment, and (3) a confession or incriminating statements made by him were illegally obtained by an officer of the Tulsa Police Department and used against him at his trial. The Respondents have submitted various documents relating to the trial of the Petitioner, and request this Court to rule herein on the basis of the submitted records. 28 U.S.C. § 2254(d).

It appears that the grounds presented herein by the Petitioner have been presented and determined adversely to him by the Oklahoma Court of Criminal Appeals. Gasaway v. Page, 448 P.2d 284 (Okl.Cr.1968). The Court, therefore, concludes that Petitioner has exhausted his state remedies with respect to the grounds raised herein as set out above.

With respect to Petitioner's first ground, there was a delay of one day in taking Petitioner before a magistrate. So much is alleged by the Petitioner. However, he makes no allegation that this delay in any way prejudiced him. The State has an obligation to take one accused of crime before a magistrate without unnecessary delay. 22 Okl.St.Ann. § 181. Nevertheless, in addition to showing delay, it is necessary to show prejudice by reason of the delay. Brown v. State, 384 P.2d 54 (Okl.Cr.1963). Petitioner has not alleged any prejudice by

reason of the delay and none appears from the files and records of the case. Petitioner's first ground is, therefore, without merit as being legally insufficient to warrant attention. Martinez v. United States, 344 F.2d 325 (Tenth Cir. 1965).

■ With respect to Petitioner's second ground, there is no federal constitutional requirement that a person accused of crime by a state must be indicted by a grand jury rather than be proceeded against by an information. Prosecution on the basis of an information does not violate any provision of the United States Constitution. Hampton v. State of Oklahoma, 368 F.2d 9 (Tenth Cir. 1966); Orcutt v. Wyoming, 308 F.2d 61 (Tenth Cir. 1962).

■ With respect to the Petitioner's third ground, relating to the use of a confession or incriminating statements of the Petitioner at his trial, the Court attempted without success to elicit from Petitioner the details concerning this allegation. The Petitioner responded to the Court's Order for details in this respect in the following manner:

"During the course of the trial of the petitioner to the Charge of Murder, a Police Officer, of the Tulsa, Oklahoma Police Department, testified for the state, against the (defendant) petitioner, to an alleged conversation the officer had with the petitioner at the time of the petitioner's arrest. This testimony was allowed before the jury and was the main 'link in the chain of evidence' against the petitioner."

During the pendency of this Petition in this Court, the Tulsa County District Court ordered the preparation of a partial transcript containing all the testimony of all police officers who testified at Petitioner's trial.[1] This transcript has been submitted to the Court by the Respondents and the Court has read it in its entirety.

The transcript contains only two references to statements of the Petitioner. They are set out in the note below.[2] Pe-

---

1. The order was entered after a hearing on Petitioner's application for a casemade at which hearing the District Court found that the Petitioner did not complain about the statements of any witness other than police officers.

2. Testimony of Officer Don Payton, Traffic Investigator:
"Q. At approximately 7:58 A.M. in the morning on the 3rd day of October did anything unusual happen, Officer:
"A. Yes, it did.
    *    *    *    *    *
"Q. All right. What first did you observe with regard to this unusual incident?
"A. I observed a car coming up behind me in my rear view mirror.
    *    *    *    *    *
"Q. Was this vehicle traveling the same, faster or slower than you were, sir?
"A. Faster.
"Q. Could you estimate to this jury approximately how much faster?
"A. I would say about 50.
    *    *    *    *    *
"Q. All right. Thank you. What happened next, Officer?
"A. I observed him change lanes. He was in the curb lane, the same as I was,

he changed lanes to the center lane, came up alongside me and went like this (indicating) give me a motion.
"Q. All right.
"A. So I slacked off and he pulled in front of me. * * *
"Q. Now, let me ask a question. Did his vehicle stop?
"A. Yes.
"Q. And your vehicle stopped?
"A. Yes.
    *    *    *    *    *
"Q. What happened then?
"A. Then he jumped out of his car and I got out of mine; he come back to my car and he was all excited, he said, 'I just shot my wife, the gun is in the front seat'.
"Q. All right. Now, Officer, are those this man's words?
"A. Yes, sir.
    *    *    *    *    *
(Cross examination)
"Q. At the time that Mr. Gasaway, Don, advised you that he had just shot his wife, you did make some response at that time prior to the time he said the gun was on the front seat, didn't you?
"A. It was more or less spontaneous, when he said this I looked at him, wondered if he just shot his wife, you know, I guess what went through my mind was,

titioner attempts to invoke the Miranda ruling (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966)) to claim that these statements were illegally obtained from him. But in that case the Supreme Court excepted this type of situation, where the confession or incriminating statement is blurted out, stating:

"Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * * There is no requirement that police stop a person who enters a police station and states that he wishes to confess a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." 384 U.S. at p. 478, 86 S.Ct. at p. 1630, 16 L.Ed.2d at p. 726.

It is obvious from the State Court record that the only statements of Petitioner to which the Tulsa Police Officer testified were volunteered by the Petitioner. He sought out the police by pursuing and flagging down a marked traffic patrol car. The police were not seeking him. Before the officer knew what was troubling the Petitioner, the Petitioner blurted out, "I just shot my wife, the gun is in the front seat." The officer never had any reason nor opportunity to give the Miranda warnings to Petitioner. The Petitioner was not in the custody of the officer. There was no bar, in this case, to the testimony of the police officer concerning this statement. Davidson v. United States, 371 F.2d 994 (Tenth Cir. 1966). Moreover, Petitioner in his complaint alleged, "that certain statements made by the Petitioner at the time of his arrest were not voluntarily made, and that these statements were later used against him at his trial before a jury." The Court deemed this allegation to be a bald conclusion and ordered the Petitioner to supply in complete detail the confession or any incriminating statements made by him in factual support of his conclusion. Petitioner responded to this Order with a further bald conclusion, as previously set out herein. In order to ascertain what may have been used against the Petitioner in the way of an incriminating statement or confession, the aforementioned trial transcript was obtained through the assistance of the State Trial Judge. As the matter stands before the Court, the state trial record shows that the only statements of Petitioner to a police officer which were testified to at the trial were volunteered and clearly admissible in evidence. Even though requested to do so, the Petitioner has made no allegations herein of factual claims which might form the basis of illegally obtained incriminating statements having been used against him at his trial. As stated in Martinez v. United States, 344 F.2d 325 (Tenth Cir. 1965), a petition for habeas corpus, "which states bald conclusions unsupported by allegation of fact is le-

where was the gun, and he said, 'The gun is in the front seat.' So I went to the car and looked and the gun was in the front seat, so then I went back to the car.

"Q. You haven't had this experience very often, have you, Officer?

"A. No, in traffic you don't run into it too often.

"Q. And didn't you respond by—when he said I just shot my wife—'You did?' or something of that nature?

"A. Yes, you did.

"Q. And do you recall whether or not Mr. Gasaway was crying or sobbing at the time?

"A. He was sobbing, yes.

"Q. And didn't he ask you to get an ambulance and send it to the Pebbles Bar?

"A. Yes.

"Q. You did do that?

"A. Uh-huh.

"Q. He didn't refuse in any manner to answer any questions that you put to him, did he?

"A. No, I didn't have to ask him questions, he just told me everything."

Transcript pp. 3–9.

gally insufficient and may be denied without a hearing."

The Court, therefore, finds and concludes that, as to the first and second grounds urged by Petitioner, his claims do not constitute violations of his federal constitutional rights, and as to the third ground, Petitioner not only fails to allege facts which would constitute violations of his federal constitutional rights, but also there is nothing in the state court record of his case, as the same has been presented to this Court, to support his claim relating to the use of an illegally obtained confession or incriminating statement by a police officer at his trial.

For the reasons hereinabove set out, the Petition for Writ of Habeas Corpus is dismissed.