BARRY CHUNG, Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner *v.* THOMAS S. OGATA, Judge, Circuit Court, First Circuit, State of Hawaii, and GUY CONTEMPLO, Respondents.

No. 5260

March 20, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam*. The petition for rehearing is denied without argument. We see no merit in the equal protection argument.

Preliminary hearing is not accorded to a person who is indicted by a grand jury in the first instance and is thereafter arrested. The constitutionality of that procedure has never been questioned.

The right to a preliminary hearing exists only with respect to a person who is first arrested and is then charged with commission of a felony. This right may be cut off by a return of indictment before the holding of a hearing.

We assume that the inequality which the petitioner mentions has reference to the difference in the respective positions of a person entitled to a preliminary hearing who has had such hearing and a person entitled to a preliminary hearing whose right to such hearing has been cut off by a return of indictment.

The argument is that the former has an advantage over the latter in that he has the benefit of some discovery, and that the decision as to whether such benefit shall or shall not be accorded lies with the prosecuting attorney.

Contrary to petitioner's statement, the decision as to whether there shall or shall not be a preliminary hearing is not made by the prosecuting attorney. The most that can be said with regard to the role of the prosecuting attorney

is that he may take advantage of a delay in the holding of a preliminary hearing by presenting the case to the grand jury which happens to be convened during the course of the delay.

The setting of the time for a preliminary hearing lies with the district judge. In this case, on the date set for his preliminary hearing, the petitioner was not ready. He did not have an attorney. For that reason, the judge continued the hearing to a later date. After petitioner obtained his attorney, the attorney took no step to have the hearing reset to an earlier date.

Also, even if an accused who has been accorded a preliminary hearing has some advantage over an accused whose right to a hearing has been cut off by a return of indictment, we do not think that such fact is sufficient to infect the procedure with unconstitutionality under the equal protection clause. This is so because of the limited impact of preliminary examination upon the integrity of the fact-finding process. *See Adams v. Illinois*, 40 L.W. 4255 (U.S. Supreme Court, March 6, 1972).

*George Pai*, Attorney General, and *Robert P. Jaress*, Deputy Attorney General for respondent Judge Ogata for the petition.