**The STATE of Missouri at the relation of Richard K. DUNLAP, Plaintiff-Relator,**

**v.**

**The Honorable Forest W. HANNA, Defendant-Respondent.**

**No. KCD 29683.**

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

Motion for Rehearing and/or Transfer Denied Jan. 30, 1978.

Application to Transfer Denied March 13, 1978.

James S. Formby and Kenneth L. Gottschall, Kansas City, for plaintiff-relator.

Ralph L. Martin, Pros. Atty. by Robert Frager and John Turner, Asst. Pros. Attys., Kansas City, for defendant-respondent.

Before SWOFFORD, C. J., and SHANGLER, DIXON, PRITCHARD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Richard Dunlap filed a petition seeking the order of this court to prohibit Judge Forest Hanna from overruling Dunlap's motion for discovery. Dunlap was charged by indictment with murder in the second degree and two counts of assault with intent to do great bodily harm with malice. Thereafter, Dunlap requested, pursuant to Rule 25.32(A)(3), the prosecuting attorney to produce those portions of any existing transcript of the grand jury proceeding relating to the offenses with which Dunlap was charged and containing testimony of those persons the State intended to call as witnesses at the trial.

The prosecuting attorney admitted there were stenographic notes of the evidence presented to the grand jury relating to the offenses with which Dunlap was charged but stated such notes had not been transcribed and hence there was no existing transcript. Thereafter, Dunlap filed a motion pursuant to Rule 25.45 in which the court was requested to compel the prosecuting attorney to produce an existing transcript of that part of the evidence heard by the grand jury to which Dunlap was entitled, or in the alternative, to produce the stenographer's notes. Under the alternative request, Dunlap offered to pay the cost of having such notes transcribed.

The court indicated its intention to overrule Dunlap's motion to enforce discovery unless prohibited by this court. This court issued its preliminary writ in prohibition ordering the court to refrain from overruling such motion until the further order of this court. Preliminary rule made permanent.

Dunlap contends the discovery permitted by Rule 25.32 will be effectively thwarted if he is not given either a transcript or the stenographic notes of the testimony of the witnesses who testified before the grand jury whom the State intends to call at his trial. The prosecuting attorney contends Rule 25.32(A)(3) only mentions "existing transcript." He insists a transcript is separate and distinct from the stenographic notes and since the only record of evidence presented to the grand jury is contained in stenographic notes there is no existing transcript, thus there is nothing under the Rule which he is required to disclose.

Rule 25.32(A) requires the state to disclose upon written request

(3) Those portions of any existing transcript of grand jury proceedings which relate to the offense with which defendant is charged, containing testimony of the defendant and testimony of persons whom the state intends to call as witnesses at a hearing or trial.

There is no requirement that evidence presented to a grand jury be taken down by a court reporter or stenographer. While it has been stated to be desirable for all grand jury testimony to be recorded, *United States v. John*, 508 F.2d 1134, 1142[14, 15] (8th Cir. 1975), such duty must be imposed by the legislature. However, there is permissive authority. Section 540.105, RSMo 1969 [1] provides:

The official reporter of the circuit court, when directed by the judge thereof, shall

---

1. All statutory references are to RSMo 1969, unless otherwise noted.

take down and transcribe for the use of the prosecuting attorney any or all evidence given before the grand jury.

Section 56.190 provides:

In all counties of class one, the stenographers in the office of the prosecuting attorney shall, when so directed by the prosecuting attorney of such county, take down and transcribe for the use of the prosecuting attorney testimony and evidence before the grand jury of said county . . . . .

Section 56.540, likewise, permits the reporters or stenographers employed by the circuit attorney of the City of St. Louis to "take down and transcribe" for the circuit attorney's use, evidence before a grand jury.

In this case the parties have not specified whether the court ordered the court reporter to take the testimony presented to the grand jury or whether the stenographic notes in existence are those made by a stenographer employed by the prosecuting attorney. Because Jackson County is a county of the first class, Official Manual, State of Missouri, 1977–78, p. 1182, the testimony could have been taken under § 540.-105 or § 56.190.

In either event, the statute provides the reporter shall "take down and transcribe" the evidence. The use of the word *and* between "take down" and "transcribe" indicates the reporter or the stenographer shall perform both tasks and not only one. The word *and* has been construed to mean "that something else is to follow." *State v. Browning*, 217 S.W.2d 719, 721[4] (Mo.App. 1949). It has further been held the word *and* is a conjunction. *Nichols v. Steffan*, 299 S.W.2d 417, 420[1, 2] (Mo.1957).

In 3A C.J.S. p. 450, the word *and* is stated to "connects words or phrases expressing the idea that the latter is to be added or taken along with the first, and signifies that something is to follow in addition to that which precedes, . . . . ." Webster's Third New International Dictionary (1971) defines *and* as "along with or together with, added to or linked to, as well as." See *Bohlen v. Allen*, 228 S.C. 135, 89 S.E.2d 99, 103 (1955).

It is clear the legislature has not authorized either a court reporter or stenographer employed by the prosecuting or circuit attorney to simply take down evidence presented to the grand jury. The legislature has conjoined the taking down with transcribing so that the reporter or stenographer is required to both take down and transcribe evidence presented to the grand jury when requested to attend the grand jury by either the court or the prosecuting official.

When the reporter or stenographer took down the evidence presented, the statute required such notes to be transcribed. The transcription of the notes does not require further instruction from either the court or the prosecuting official. The transcription follows as a matter of course the order to take down the evidence.

The statutes provide the transcript is for the use of the prosecuting official. Rule 25.32(A)(3) expands this purpose by making the transcript available for use by a defendant's counsel.

It is apparent the drafters of Rule 25.32 were aware that the duty to take down evidence before a grand jury carried the concomitant duty to transcribe the notes made. Thus, there was no need that the rule address the question of the production of reporter or stenographic notes since those notes by statute were required to be transcribed after they were taken. Thus the rule read in the light of the statutes mentioned fulfills the intent to make disclosure meaningful.

In this case, it is the duty of the reporter or stenographer to immediately transcribe the notes taken of the evidence presented to the grand jury. As soon as such notes have been transcribed and placed in transcript form, Dunlap is entitled by the provisions of Rule 25.32(A)(3) to receive those portions described in the rule.

It follows the respondent judge is without authority to overrule Dunlap's motion. For that reason the preliminary rule is made permanent.

All concur.