**STATE of Missouri, Respondent,**

v.

**Donald GREER, Appellant.**

**No. 61548.**

Supreme Court of Missouri, Division 2.

Sept. 9, 1980.

Rehearings Denied Oct. 15, 1980.

Philip H. Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Spinden, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Commissioner.

Appellant, Donald R. Greer, was charged by indictment in two counts with murder in the second degree and armed criminal action. He was found guilty by a jury which fixed the punishment at life imprisonment for each offense. The trial court imposed sentences pursuant to the jury verdict and directed that the two sentences run concurrently.

Appellant does not challenge the sufficiency of the evidence as to either count, and we need not relate in detail the facts. It is sufficient to state that a jury reasonably could find from the evidence offered by the State that on February 6, 1978 appellant shot and killed Calvin Sandridge.

By his first point appellant asserts that it was error for the trial court to permit the trial to proceed over his objection when there was no record made of the proceedings of the grand jury which indicted him. It is admitted that in this case there was no record made of the proceedings before the grand jury pertaining to appellant, and that it is the practice in Jackson County not to make a record of grand jury proceedings. Appellant further asserts that he was thereby denied due process and equal protection of law. He points out if he had been charged by information with having committed a homicide a preliminary hearing would have been required at which the evidence given by the several witnesses would have been reduced to writing, § 544.370 RSMo 1978, and would have been available to him to be used at trial to cross-examine those witnesses who testified at the preliminary hearing. § 544.390 RSMo 1978.

■ In some states by court rule, *McMahon v. Office of City and County of Honolulu,* 51 Haw. 568, 465 P.2d 549 (1970); *People v. Duncan,* 388 Mich. 489, 201 N.W.2d 629 (1972), or by statute, *Seim v. State,* 95 Nev. 89, 590 P.2d 1152 (1979), the recording of testimony before a grand jury is mandated. However, there is no requirement in this State that the proceedings before a grand jury must be recorded in every case. *State ex rel. Dunlap v. Hanna,* 561 S.W.2d 411 (Mo.App.1978); *State v. Shives,* 601 S.W.2d 22 (Mo.App.1980). Section 540.105 RSMo 1978, gives to the circuit court the discretion to direct that the testimony before a grand jury in a particular case be transcribed, and § 56.190 RSMo 1978, gives the same discretion to the prosecuting attorney in counties of Class One. Appellant does not attempt to demonstrate that because of

the nature of this case the failure to direct that the testimony be transcribed constituted an abuse of discretion. As stated in *State v. Delgado,* 161 Conn. 536, 290 A.2d 338 (1971), it is the general practice in most states not to require a stenographic record of grand jury proceedings, and it is not required under the Federal Rules of Criminal Procedure. *United States v. Caruso,* 358 F.2d 184 (2nd Cir.1966). See *United States v. Schrenzel,* 462 F.2d 765 (8th Cir. 1972) in which it was held that there is no constitutional requirement that a grand jury record its proceedings. See also *United States v. Biondo,* 483 F.2d 635 (8th Cir. 1973) cert.den. 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed. 563.

■ The failure to transcribe the grand jury proceedings pertaining to the charges against appellant did not violate any statute, rule, or constitutional mandate.

In support of his contention that he was denied equal protection of law appellant asserts that if he had been charged by information he would have been entitled to have counsel present at the preliminary hearing to determine probable cause, and that a transcript of the hearing would have been made which would have been available to him for use at his trial. He contends that these rights were arbitrarily cut off when the prosecuting attorney initiated the prosecution by grand jury indictment.

■ Mo.Const. Art. I, § 17 provides: "That no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies, * * *."

The indictment–information procedure does not violate any of appellant's rights under the Missouri Constitution because that is the source of the procedure. See also *Beeman v. State,* 502 S.W.2d 254 (Mo. 1973); *State v. Martin,* 395 S.W.2d 97 (Mo. 1965); and *State v. Cooper,* 344 S.W.2d 72 (Mo.1961). Therefore, if there is merit to appellant's assertion that he was denied equal protection of law, it must be by reason of the equal protection of law clause in the Fourteenth Amendment of the Constitution of the United States.

Missouri by its Constitution has provided two completely different and alternative methods of initiating a criminal proceeding. One method is by indictment returned by a grand jury. Prior to the adoption of the Constitution of 1875 no person could be prosecuted for an indictable offense except by an indictment returned by a grand jury. Art. XIII, § 14 Mo.Const. 1820. This was changed by Art. II, § 12, Const. 1875 to permit prosecution by information as well as by indictment.

■ The grand jury is of ancient origin, and, in general terms, its purpose is to inquire into the commission of crimes, and to return indictments when it determines that a crime has been committed and that there is probable cause to believe that it was committed by the indicted person. One of its purposes is to insure against arbitrary prosecution and to protect citizens against unfounded accusations, *Conway v. Quinn,* 168 S.W.2d 445 (Mo.App.1942), or as stated in *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 817, 95 L.Ed. 1118 (1951), "to stand between the prosecutor and the accused." Generally, the proceedings of a grand jury are secret except as specifically modified by statute, *State v. McDonald,* 342 Mo. 998, 119 S.W.2d 286 (1938), and the accused has no absolute right to appear before the grand jury or to have his counsel present. *United States v. Smith,* 552 F.2d 257 (8th Cir.1977).

The alternate method of initiating a criminal proceeding is by information. Any person having knowledge of the commission of a crime may make his affidavit and file it with the Clerk of the Court having jurisdiction of the offense, or he may deposit it with the prosecuting attorney, who in a reasonable exercise of discretion may determine whether the complaint warrants prosecution. *State ex rel. Schultz v. Harper,* 573 S.W.2d 427 (Mo.App.1978). A preliminary hearing before a judge is required which the accused is entitled to attend, introduce evidence in his behalf, and cross-examine witnesses against him. If from the evidence introduced at the preliminary

hearing it appears to the judge that there is probable cause to believe that a felony has been committed and that the defendant has committed it, Rule 22.07(c), an information may be filed by the prosecuting attorney, and the proceedings thereafter are the same as when an indictment is returned by a grand jury. The purpose of the preliminary hearing is to prevent unreasonable or arbitrary prosecutions, and to have an independent judicial determination of the issue of probable cause.

The procedures are not intended to be identical, and the differences are based on the fundamental nature of the two independent methods of initiating a criminal proceeding.

■■■ The purpose of the equal protection clause of the Fourteenth Amendment to the United States Constitution is to prohibit class legislation which discriminates against some citizens and favors others. But, the Missouri indictment–information procedure does not define a class to which one or the other alternate procedures is applicable to the exclusion of the other. There is no class created which is favored under the law over another. Inequality arising from permissible discretion in the administration of a law does not result in a violation of the equal protection of law clause of the Federal Constitution. This issue was considered at length in *San Antonio Independent School District v. Rodriquez*, 411 U.S. 1, 17, 93 S.Ct. 1278, 36 L.Ed. 16 (1973). There a challenge was made to the Texas system of financing public education. The Supreme Court first stated that it was necessary to decide whether the Texas system "operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution, thereby requiring strict judicial scrutiny." It was held that the system did not, and in the case now before us it is clear that the Missouri indictment–information procedure does not purport to operate to the disadvantage of some "suspect class" or infringe upon a fundamental right protected by the Constitution. An accused has no constitutional right to be charged with a crime only by information. The United States Supreme Court then held that there was no evidence that the administration of the Texas system discriminated against any definable category of people, or that it resulted in absolute deprivation of education as to any definable group. In the pending case, there is no definable group that may be charged only by indictment or only by information.

·■■■ The fact that a prosecutor can exercise some discretion as to whether to proceed by information or present evidence to a grand jury for its consideration does not result in a violation of the equal protection clause. We do not have before us the situation where the State has deliberately and intentionally resorted to the indictment procedure as to all persons of a certain race or some other definable class to the exclusion of others. Without a purposeful classification in the enforcement procedure or the administration of the law, there can be no denial of equal protection of the laws. For example, in Missouri and in most other states the prosecutor is vested with discretion whether to invoke the habitual criminal provisions. In *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), it was held that defendants' prosecution under the habitual criminal statutes of West Virginia did not violate the Federal equal protection of laws clause even though in the exercise of discretion the State had applied the law to only a minority of those subject to its provisions. The Court stated: "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." See *Taylor v. State*, 423 P.2d 473, 474 (Okl.Cr.1967) in which it was held that "The Oklahoma habitual criminal statute applies equally and impartially to all persons charged under it, and the fact that indictments or informations do not always charge violation of such statute where accused has had prior felony convictions, does not invalidate [the] statute as denying equal protection of the laws." See also *State v. Sheppard*, 371 So.2d 1135 (La.1979), where the grant of discretion to try a minor for manslaughter as an adult did not result

in a denial of equal protection of the laws, and *People v. Lawrence*, 26 Ill.App.3d 685, 325 N.E.2d 363 (1975), where the exercise of discretion not to treat a 17–year old accused as a minor did not result in a violation of equal protection of the law.

Prior decisions in this State have not specifically addressed the issue presented here, but it was stated in *Beeman v. State*, supra. at p. 255, that "The provision of Mo.Const.Art. I, § 17 , V.A.M.S., authorizing persons to be prosecuted for felony by indictment *or information*, which specifically states that these are concurrent remedies, 'is not violative of the due process and equal protection of the laws clauses of the Federal Constitution, Amend. 14,'" citing *State v. Cooper*, 344 S.W.2d 72 (Mo.1961); *State v. Jones*, 168 Mo. 398, 68 S.W. 566 (1902); *Lyle v. Eidson*, 182 F.2d 344, (8th Cir.1950); and *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). In other jurisdictions the issue has been specifically presented in several cases, and in no case has it been ruled that a procedure comparable to that in this State violates the equal protection clause of the Federal Constitution. See *State Cousino*, 18 Ariz.App. 158, 500 P.2d 1146 (1972); *State v. Hinkle*, 26 Ariz.App. 561, 550 P.2d 115 (1979); *Burke v. Superior Court in and for County of Pima*, 3 Ariz.App. 576, 416 P.2d 997 (1966); *State v. Kanistanaux*, 68 Wash.2d 652, 414 P.2d 784 (1966); *State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6 (1975); *People v. Franklin*, 80 Ill.App.3d 128, 35 Ill.Dec. 121, 398 N.E.2d 1071 (1980); *Seim v. State*, supra; *Gasaway v. Page*, 448 P.2d 284 (Okl. Cr.1968); *Falgout v. People*, 170 Colo. 32, 459 P.2d 572 (1969); *Chung v. Ogata*, 53 Haw. 395, 495 P.2d 26 (1972); *Commonwealth v. Morris*, 267 Pa.Super. 379, 406 A.2d 1091 (1979); *State v. Mastrian*, 285 Minn. 51, 171 N.W.2d 695 (1969).

The law pertaining to grand jury proceedings apply equally to all who are indicted by a grand jury, and the fact that appellant was charged by a grand jury instead of way of an information did not result in a denial of the equal protection of law under either the Missouri or Federal Constitution.

 Appellant also challenges the validity of his conviction of the offense of armed criminal action which admittedly arose out of the occurrence which constituted murder second degree. This contention must be sustained. *Sours v. State*, 603 S.W.2d 592 (Mo. banc Aug. 18, 1980).

That part of the judgment pertaining to second degree murder is affirmed; that part pertaining to armed criminal action is reversed and the sentence vacated.

PER CURIAM:

The foregoing opinion by ALDEN A. STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.