**STATE of Missouri By George R. WESTFALL, Plaintiff-Appellant,**

v.

**Lee Edward CROWDER, Defendant-Respondent.**

**No. 43465.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 1, 1981.

John A. Ross, Asst. Pros. Atty., Clayton, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Wm. Shaw, Public Defender, Thea Sherry, Asst. Public Defender, Clayton, for defendant-respondent.

GUNN, Judge.

The state appeals from a trial court order granting defendant's Rule 27.26 motion to vacate judgment and sentence for an armed criminal action conviction. We affirm.

Defendant entered guilty pleas to Count I, stealing from a person, a felony (§ 560.-156, RSMo 1969); Count II, armed criminal action, a felony (§ 559.225, RSMo Supp. 1976); and Count III, assault with intent to kill, a felony (§ 559.180, RSMo 1969). Each count arose out of the same occurrence. He was sentenced to three years' imprisonment on each count, the sentences to run concurrently.

Under the rule announced by the Missouri Supreme Court in *Sours v. State*, 593 S.W.2d 208 (Mo. banc) (*Sours I*), vacated, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, on remand, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*), cert. denied, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981), the trial court's reversal of the armed criminal action judgment and sentence was held proper. *Sours I* and *Sours II* hold that convictions for first degree robbery and armed criminal action, arising out of the same transaction, place defendant twice in jeopardy for a single offense in violation of the double jeopardy clause of the federal constitution. Armed criminal action, which consists of a felony plus the use of a dangerous and deadly weapon in the commission of the felony, and first degree robbery, the underlying felony, are the same offense because proof of robbery does not require proof of any fact not also required to prove armed criminal action. *Sours I* at 219–20; *Sours II* at 604.

The *Sours* principle has been extended to reverse armed criminal action convictions where an accused has been convicted of both armed criminal action and a felony other than first degree robbery, such as assault with intent to do great bodily harm without malice [*State v. McGee*, 602 S.W.2d 709 (Mo.App. 1980)] second degree assault [*State v. Sinclair*, 606 S.W.2d 271 (Mo.App. 1980)], second degree murder [*State v. (Donald) Greer*, 605 S.W.2d 93 (Mo. 1980)]; and kidnapping by and through the use, aid and assistance of a dangerous and deadly weapon [*State v. (Eddie) Greer*, 609 S.W.2d

423 (Mo.App. 1980)]. The Missouri Supreme Court reexamined each of these cases, along with several others, in light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), per order of the United States Supreme Court, and approved and affirmed each opinion.[1] *See State v. Haggard*, 619 S.W.2d 44, (Mo. banc 1981), in which the Missouri Supreme Court examines the double jeopardy issue in light of *Albernaz* and reaffirms its *Sours I* and *Sours II* holdings.

In its brief the state contends that in *Sours II* the Missouri Supreme Court failed to follow the mandates of the United States Supreme Court and urges us not to adhere to a faulty rule of law. We are constrained, however, to comply with the clear dictates of the Supreme Court of Missouri and to affirm the trial court's reversal of defendant's armed criminal action conviction to avoid placing defendant in unconstitutional double jeopardy. *State v. Harris*, 622 S.W.2d 330 (Mo.App. 1981).

Judgment affirmed.

CRIST, P. J., and SMITH, J., concur.

---

1. *State v. McGee*, 619 S.W.2d 70 (Mo.banc 1981); *State v. Sinclair*, 619 S.W.2d 73 (Mo. banc 1981); *State v. (Donald) Greer*, 619 S.W.2d 65, (Mo.banc 1981); *State v. (Eddie) Greer*, 619 S.W.2d 62, (Mo.banc 1981).