**Walter Samuel ANDERSON,
Plaintiff-Respondent,**

v.

**STATE of Missouri,
Defendant-Appellant.**

No. 43973.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George

1. Now § 569.020, RSMo 1978.

2. Now § 571.015, RSMo 1978.

**422**

Westfall, Pros. Atty., Robert G. O'Blennis, Asst. Pros. Atty., Clayton, for defendant-appellant.

Douglas M. Brooks, Clayton, for plaintiff-respondent.

GUNN, Judge.

This case is another among the flurry of appeals involving the impact of *Sours v. State*, 593 S.W.2d 208 (Mo. banc), (*Sours I*), vacated, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, *on remand*, 603 S.W.2d 592 (Mo. banc 1980), (*Sours II*), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). Defendant filed his Rule 27.26 motion challenging, *inter alia*, his armed criminal action convictions. § 559.225, RSMo. Supp.1976.

Defendant had pleaded guilty to two counts of first degree robbery and two counts of armed criminal action, with sentences on the latter concurrent with those imposed for robbery. Following a hearing, the trial court sustained that portion of the motion relating to the convictions for armed criminal action, finding a double jeopardy violation based on *Sours I*. The state has appealed urging that *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and other United States Supreme Court decisions hold that a legislature may properly enact legislation to impose separate punishment for separate crimes, albeit the crimes arise out of the same facts. But *Sours I and II* specifically hold that convictions and sentences for armed criminal action and first degree robbery cannot co-exist as being a double jeopardy violation. The *Sours* cases have been examined in the light of *Albernaz* and reaffirmed in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).[1] We comply with the clear dictate of the Missouri Supreme Court and affirm the trial court's ruling which reverses the defendant's armed criminal action convictions. *State v. Harris*, 622 S.W.2d 330 (Mo.App.1981); *State ex rel. West-*

*fall v. Crowder*, 621 S.W.2d 717 (Mo.App. 1981).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

---

1. The same principle regarding armed criminal action has been extended to felonies other than first degree robbery: *State v. McGee*, 619 S.W.2d 70 (Mo. banc 1981); *State v. Sinclair*, 619 S.W.2d 73 (Mo. banc 1981); *State v. (Donald) Greer*, 619 S.W.2d 65 (Mo. banc 1981); *State v. (Eddie) Greer*, 619 S.W.2d 62 (Mo. banc 1981).