Dear Mr. Raymond:
This opinion is in response to questions asked by the Honorable Billy G. Moore, Presiding Judge of the Shelby County Court. These questions are as follows:
 A. If the judge of the circuit court directs the official reporter of the circuit court to transcribe any and all evidence given before the grand jury, as provided in Section 540.105, is the official reporter of the circuit court allowed a transcript fee for any original transcripts, or copies thereof?
 B. If the answer to question A is yes, who is required to pay the transcript fee, and at what rate?
This opinion request also states:
 The official reporter of the circuit court, 41st Circuit, transcribed all evidence relating to grand jury proceedings, as ordered by the judge of the circuit court. The official reporter of the circuit court subsequently billed the Shelby County Court for original transcripts and copies thereof, at a rate of $1.50 per page per original and $.50 per page per copy. The Shelby County Court is uncertain as to its obligation to pay the reporter of the Circuit Court for these original transcripts and copies. In addition, the Shelby County Court is uncertain as to the rates which should be charged by the reporter of the circuit court for original transcripts and copies.
The common-law rules regarding the right of public officials to receive compensation have been summarized in Nodaway County v. Kidder, 344 Mo. 795, 801, 129 S.W.2d 857, 860 (1939), as follows:
 The general rule is that the rendition of services by a public officer is deemed to be gratuitous, unless a compensation therefor is provided by statute. If the statute provides compensation in a particular mode or manner, then the officer is confined to that manner and is entitled to no other or further compensation or to any different mode of securing same. Such statutes, too must be strictly construed as against the officer. . . . [citations omitted.]
 It is well established that a public officer claiming compensation for official duties performed must point out the statute authorizing such payment. . . . [citations omitted.][1]
An official court reporter is an officer of the state. State v. Mitchell, 267 S.W. 873 (Mo. 1924).
Section 540.105, RSMo 1978,[2] provides in pertinent part:
 The official reporter of the circuit court, when directed by the judge thereof, shall take down and transcribe for the use of the prosecuting attorney any or all evidence given before the grand jury. . . . [Emphasis added.]
Section 485.050 provides in pertinent part:
 It shall be the duty of the official court reporter . . . ; to take full stenographic notes of the oral evidence offered in every cause tried in said court, . . . ; to preserve all official notes taken in said court for future use or reference, and to furnish to any person or persons a transcript of all or any part of said evidence or oral proceedings upon the payment to him of the fee herein provided.
Section 485.100 describes the fees due a court reporter for performing the duties described in Section 485.050, as follows:
 For all transcripts of testimony given or proceedings had in any circuit court, the court reporter shall receive the sum of seventy cents per twenty-five line page for the original of the transcript, and the sum of twenty cents per twenty-five line page for each carbon copy thereof; the page to be approximately eight and one-half inches by eleven inches in size, with left-hand margin of approximately one and one-half inches and the right-hand margin of approximately one-half inch; answer to follow question on same line when feasible; such page to be designated as a legal page. Any judge, in his discretion, may order a transcript of all or any part of the evidence or oral proceedings, and the court reporter's fees for making the same shall be paid by the county until June 30, 1979, upon a voucher approved by the court, and taxed against the state or county as may be proper. . . . From and after July 1, 1979, the payment of court reporter's fees provided in this section to be paid by the county before that date shall be made by the state upon similar voucher approval. [Emphasis added.]
Section 540.105 imposes two mandatory duties upon a court reporter — to "take down" and to "transcribe" evidence given to the grand jury. State ex rel. Dunlap v. Hanna, 561 S.W.2d 411,413 (Mo.App. 1977). These duties are in contradistinction to the separate duties imposed by Chapter 485 — to "take full stenographic notes", which is mandatory, "and furnish to any person . . . a transcript . . . upon payment", which is conditional. In the latter instance, transcription is conditioned upon payment, whereas in the former, transcription is mandatory. "[T]ranscription follows as a matter of course the order to take down the evidence." Hanna, supra, at 413.
Section 485.100 cannot be read in a vacuum. As we have earlier indicated, Section 485.100 describes fees for the transcription of circuit court proceedings, the note of which must be preserved pursuant to Section 485.050. There is no such requirement for grand jury proceedings; Missouri law does not require the stenographic recording of grand jury evidence. State v. Greer,605 S.W.2d 93 (Mo. 1980), vacated, 451 U.S. 1013 (1981), relevant part affirmed on remand, 619 S.W.2d 65 (Mo. banc 1981). Only upon order of the circuit judge pursuant to Section 540.105 (or of the prosecuting attorney of a first class county, Section 56.190) is a transcript made.
We believe that the duties imposed on court reporters by Section 540.105 are distinct from those established pursuant to Chapter 485. Thus, we believe the fees permitted under Section485.100 are not payable for the performance of duties undertaken by a court reporter pursuant to a circuit judge's order issued under Section 540.105.
Because we are constrained to construe compensation questions strictly against public officers, Kidder, supra, in the absence of specific statutory authorization, it is our opinion that an official court reporter is not entitled to additional compensation for the transcription of grand jury evidentiary proceedings for the use of the prosecuting attorney undertaken pursuant to an order of a circuit judge under Section 540.105.
In view of our answer to your first question, a response to your second question is not necessary.
CONCLUSION
It is the opinion of this office that an official court reporter is not entitled to additional compensation for the transcription of grand jury evidentiary proceedings for the use of the prosecuting attorney pursuant to an order of a circuit judge under Section 540.105, RSMo 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] In State ex rel. Hall v. Bauman, 466 S.W.2d 177, 180
(Mo.App. 1971), the court held that the rule requiring the strict construction of compensation statutes against the public officer applies only where additional compensation is sought and does not apply where there would be a complete denial of compensation.
Court reporters receive a salary of $23,790 plus a salary adjustment. Section 485.060, RSMo Supp. 1982. Therefore, the strict construction rule applies here.
[2] All statutory references are to RSMo 1978, unless otherwise indicated.