**STATE of Missouri, Respondent,**

v.

**Lewis JONES, Appellant.**

**No. WD 32010.**

Missouri Court of Appeals, Western District.

Jan. 12, 1982.

Sloan R. Wilson, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

Lewis Jones was convicted by a jury of the offense of manslaughter and was sentenced to a term of ten years. On this appeal, the single question presented is whether the trial court erred in failing to give the defendant's requested instruction on justification by lawful defense of another person. The issue requires statement of the evidence in summary.

On the evening of February 22, 1980, the victim, Melvin Taylor, and a number of other persons were present at a residence occupied by Taylor, his wife Delores, their

children and one Collins. Taylor and a friend had just returned from a carry-out food store when they found an altercation in progress in the living room. Delores was fighting with two women, Janie Green, appellant's aunt, and Karen Thomas, his sister. Collins had just separated Delores and Janie Green when Taylor stepped in striking Karen Thomas and knocking her to the floor. Delores then attacked Karen with a wine bottle. At this point, Karen called for aid and appellant, who was nearby, entered and fired the shot which killed Taylor.

Evidence was at variance as to whether Jones said anything to the victim before firing his gun and in what position Taylor was when he was shot. It was, however, agreed that Taylor had struck Karen Thomas knocking her to the floor and that he was bent over her when Jones entered. According to Jones, he told Taylor to "get off my sister" and fired a warning shot into the ceiling. Taylor then rose and rushed toward Jones who fired again. This was confirmed by the testimony of Karen Thomas and Janie Green, the latter adding that Taylor was holding the wine bottle as he advanced toward Jones. Delores Taylor, Collins and another witness testified that no words were exchanged between Jones and Taylor and that Jones merely fired as soon as he entered the room. A statement by Delores that the first shot was fired while her husband's back was turned was disproved by the medical examiner's report which indicated Taylor was struck by a single bullet entering his upper chest and lodging in his back.

Defendant offered, but the court refused to give, an instruction patterned on MAI–CR2d 2.41.2 presenting the defense of justifiable use of force in defense of another person. The court did give a self-defense instruction, MAI–CR2d 2.41.1. Defendant contends here that the evidence, both by the state and by the defense, entitled him to the refused instruction and that the court erred in refusing it.

■ A defendant is entitled to an instruction on any theory of his case which the evidence tends to establish. *State v.*

*Wooten*, 498 S.W.2d 562 (Mo.1973); *State v. Saffold*, 563 S.W.2d 127 (Mo.App.1978). Entitlement to instructions both on self-defense and defense of another has long been recognized in Missouri. In *State v. Rennison*, 306 Mo. 473, 267 S.W. 850 (Mo.1924), the victim had knocked down defendant's father and was standing over him kicking him when defendant entered and called upon the victim to stop. The latter then advanced upon the defendant with a drawn revolver whereupon the defendant shot the victim twice. In reversing the conviction on the ground of an erroneous manslaughter instruction, the court observed that on retrial the defendant would be entitled to instructions both on defense of another and on self-defense.

The Notes on Use to MAI–CR2d 2.41.1 (Paragraph 8) indicate recognition that in a given case there may be evidence supporting more than one claim of justifiable use of force. In that situation, a paragraph is added to the self-defense instruction submitting the added defense in the alternative.

The state argues that Jones was not entitled to an instruction on defense of another because Taylor had abandoned his assault upon Karen Thomas and was advancing toward Jones when the fatal shot was fired. They cite *State v. Hampton*, 172 S.W.2d 1 (Mo.1943). That case is distinguishable on the facts. In *Hampton*, the defendant and the victim were in an altercation in a tavern when the victim broke off the fight and left. Outside, the victim was assaulted by defendant's brother who was then pursued by the victim around the building. As the victim was in the act of leaving the scene, the defendant reappeared and hurled a brick which caused the fatality. No instruction on defense of another was warranted because the victim had abandoned the fray.

■ In the subject case, the jury could have found that Jones was drawn to the room by his sister's screams for assistance and, upon entering, that he found his sister prostrate with Taylor bending or kneeling and striking the girl with his fists. When

Jones yelled for Taylor to stop, Taylor rose and started toward Jones. If defendant's evidence and that of his supporting witnesses were believed, the events occurred in rapid succession with little to differentiate Taylor's assault upon Karen Thomas from his transfer of attention to Jones. Intervention by Jones in the former brawl immediately provoked the latter, both being closely intertwined in time and situs. Jones was entitled to the additional instruction on defense of another person enabling the jury to consider both possibilities as justification for the use of deadly force.

The judgment is reversed and the cause is remanded.

All concur.