STATE of Missouri,
Plaintiff-Respondent,

v.

Willie C. THOMAS,
Defendant-Appellant.

No. 45822.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 29, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Leslie D. Edwards, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Willie C. Thomas appeals from a judgment of the Circuit Court of the City of St. Louis whereby he was found guilty of the offense of murder second degree, § 565.-004 RSMo 1978,[1] and was sentenced to 40 years imprisonment in the custody of the Missouri Department of Corrections as a persistent offender. We affirm.

---

1. All statutory references are to RSMo 1978.

Appellant does not challenge the sufficiency of the evidence to support the jury verdict. Because of the issues raised on appeal a brief statement of the procedural history of the case and the facts will be sufficient for this appeal.

Appellant was charged with capital murder in a complaint filed in the Associate Circuit Court of the City of St. Louis wherein it was alleged that on April 25, 1981, he entered the residence of David Gully, confronted Gully relative to an amount of money, and without provocation cooly and deliberately produced a revolver, fired some shots at Gully, chased him, and continued to fire some shots until he killed Gully.

Appellant was arrested on April 29, 1981, and on May 7, 1981, he filed a Motion to Record Grand Jury Testimony wherein he alleged that because the matter would be presented to the grand jury, no preliminary hearing would be held and he would thereby be hampered in attacking the sufficiency of any indictment returned without a transcript of the grand jury proceedings. On May 14, 1981, this motion was denied "for lack of jurisdiction." On May 15, 1981, appellant filed a second Motion to Record and Transcribe Grand Jury Testimony and this motion was denied on May 20, 1981, because the grand jury had returned a "true bill" on May 14, 1981, and an indictment charging appellant with capital murder had been filed in the Circuit Court on May 19, 1981. The complaint filed in the Associate Circuit Court was nolle prossed on May 29, 1981.

On June 22, 1981, appellant moved to quash the indictment as defective on the grounds it was based upon insufficient and inadmissible evidence and moved for a preliminary hearing alleging, in support thereof, prosecutorial abuse of the grand jury process and consequent violation of his rights under the United States and Missouri Constitutions. This Motion was overruled.

The jury trial commenced on March 8, 1982, and after several days of trial, appellant took the stand in his own defense. On direct examination he testified as to his prior convictions and gave his version of what occurred on the night Gully was killed. According to appellant, he had an argument with Gully, and Gully rushed him with a gun. He further testified that Gully had been using narcotics and had threatened to kill him and that he feared Gully would kill him. He described his scuffle for the gun and his pulling of the trigger of the gun shooting Gully. He also testified relative to Gully's reputation for violence.

On cross-examination the prosecutor raised the issue of appellant's reputation in the community. The appellant objected on the ground that by raising the issue of self-defense he did not put his character in issue. The trial court sustained appellant's objection on those grounds and instructed the jury to disregard the prosecutor's questions. Appellant's prior convictions were also covered by the prosecutor during the course of cross-examination.

After completion of the evidence and during an instruction conference the trial court announced that it would submit as Instruction 11 on behalf of the appellant MAI–CR 2.41.1. Appellant objected generally to the instructions the court was going to read to the jury and reserved the right to make more specific objections to the instructions in his Motion for New Trial in case there was a conviction.

During his rebuttal argument the prosecutor argued:

MR. CHANCELLOR: He talks about the family lying, because of the family, Dottie West lying and there is no evidence of this, because she's sharing her earnings with David Gully or ... or Holmes or anybody and he says that, because, that's ... their bias and interested in the outcome of this case, but gloss over whether or not he's lying, because he has a way. *What do you think his interests or ... are and his reason to lie is. What about all his convictions,* how far back do they go, he didn't even remember how old he was, the first time and I don't remember where they started, pos-

session of narcotics of a long time ago, theft of ... from interstate shipment, robbery, so many, they lump them together and say go do ten years, out of the penitentiary on parole, violated parole, back to the penitentiary, *this is the guy that is so meek and mild and afraid of violent people.* (Emphasis added)

Appellant objected to this argument on the grounds that the prosecutor was improperly arguing his character and this objection was overruled.

■ Appellant's first Point Relied On is that the trial court erred in denying his pre-trial Motion to Record Grand Jury Testimony in that, in so ruling, the trial court violated his due process rights under the Missouri Constitution, Art. I, Sec. 18(a) and the Constitution of the United States, Amendment XIV.

Although a defendant in the federal courts is entitled to the *production* of certain recorded grand jury testimony pursuant to Rule 6(e), Fed.R.Crim.P., upon a showing of particularized need, *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), that is not the law in Missouri.

The applicable Missouri statute with respect to recording grand jury testimony provides: "The official reporter of the Circuit Court, when directed by the judge thereof, shall take down and transcribe ... any or all evidence given before the grand jury." § 540.105, Rule 25.03(A)(3) V.A. M.R., gives a defendant a right, upon written request, to discover "those portions of any *existing transcript* of grand jury proceedings which relate to the offense with which defendant is charged, containing the testimony of the defendant and testimony of persons whom the state intends to call as witnesses ..." (Emphasis supplied).

However, the Missouri Supreme Court has held that there is no requirement that grand jury proceedings be recorded in the first instance. In *State v. Greer,* 605 S.W.2d 93 (Mo.1980), the defendant, charged by indictment with murder second degree and armed criminal action, raised the same due process arguments appellant presents here. The Supreme Court recognized that in some states, by court rule or statute, the recording of grand jury testimony is mandatory, but that in Missouri, as well as most other states, the trial court has discretion to order the transcription of grand jury proceedings, but is not required to do so. Id. at 95–96. See also *State v. Shives,* 601 S.W.2d 22, 25 [2] (Mo.App. 1980); *State ex rel. Dunlop v. Hanna,* 561 S.W.2d 411, 412–413 (Mo.App.1978). The court also noted that the defendant in *Greer* did not attempt to demonstrate that because of the nature of the case the failure to direct that the testimony before the grand jury be transcribed constituted an abuse of discretion. Id. at 95–96.

Appellant attempts to demonstrate that the nature of this case was such that the failure to order the grand jury testimony transcribed constituted an abuse of discretion. He contends the fact (1) that this is a capital case carrying a substantial penalty, and (2) witnesses for the state were not very co-operative with the prosecuting attorney, and because of inconsistencies in their statements to the police department investigators, appellant would have a substantial defense in showing inconsistent statements made by the witnesses present during the killing, thereby impeaching them by their prior statements and testing their credibility.

■ While the nature of the case might be a matter to be considered by the trial court in ruling on a motion of the kind involved in this case, we find nothing in the record to support appellant's contention that the witnesses for the state were not co-operative with the prosecutor. Although there were some inconsistencies in the testimony of the state's witnesses concerning the occurrence, appellant has not demonstrated that the testimony of the witnesses who did appear and testify before the grand jury was inconsistent with that given at trial nor to the police officers. These witnesses were cross-examined at trial by appellant's counsel concerning their testimony before the grand jury and they

denied any inconsistencies. Under the circumstances we cannot speculate that a transcript of their grand jury testimony would have lent support to appellant's contention. We rule this Point against appellant because he has failed to demonstrate an abuse of discretion in the trial court's denial of his motion to record and transcribe the testimony before the grand jury.

Appellant also contends that the trial court erred in denying his pre-trial motion for a preliminary hearing; thereby depriving him of his due process and equal protection rights under Art. I, Sec. 2 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

His argument in support of this Point is two fold: (1) the state should not be permitted to commence its prosecution by the filing of a complaint and then charge him with the same offense by indictment, and, (2) that the denial of a preliminary hearing to defendants charged by a grand jury is unconstitutional.

■ The state, on the other hand, asserts that the appellant has waived any error in the indictment/information process by reason of his failure to object at the proper time, and cites *State v. Donnell,* 430 S.W.2d 297, 301 [5] (Mo.1968) for the proposition that the failure to present defenses and objections based on defects in the institution of prosecution, indictment or information prior to trial constitutes a waiver thereof, Rule 24.04(b)(2). A motion attacking defenses and objections based on defects in the institution of the prosecution must be made before the plea is entered unless the trial court permits it to be made within a reasonable time thereafter, Rule 24.04(b)(3).

Appellant's principal complaint is directed to the procedures followed by the circuit attorney's office in the processing of his case. The chronology of this case is that a complaint was filed on April 29, 1981, in the Circuit Court of the City of St. Louis charg-

ing appellant with capital murder, and an Order was entered in which the court found sufficient facts had been stated in the complaint to show probable cause that a felony had been committed and that the accused had committed it. A warrant for the arrest of the appellant was ordered issued and appellant was arrested on this warrant on the same date.[2] On the complaint the initials "G.J." appear, and these initials are used to show that the person named in the complaint is to be held pending presentation of his case to the grand jury. On April 30, 1981, Application for Appointment of Counsel was filed and on May 7, 1981, a Motion to Record Grand Jury Testimony was filed in the Circuit Court. This Motion also contained a request for a preliminary hearing as an alternative to the request for an order to record the grand jury testimony. On May 13, 1981, all proceedings in the case were scheduled in Division No. 25 of the court, and on May 14, 1981, said motion was denied. On May 19, 1981, an indictment charging appellant with capital murder was filed in the Circuit Court.

The question is whether once a prosecutor has elected to file a complaint charging a suspect with a crime, may he also choose to present the evidence against the defendant to a grand jury to obtain an indictment of the defendant for the same crime?

■ Appellant concedes that under Missouri law criminal proceedings may be initiated either by filing a complaint in any court having original jurisdiction or by indictment. Rule 22.01. The filing of a complaint is the first step in the information proceeding. Under Art. I, § 17 of the Missouri Constitution the institution of a criminal proceeding by indictment or information are concurrent procedures. He contends, however, that the prosecutor must elect between proceeding by information or indictment, and once he has, he may not then proceed by the other. He relies on the provision in § 545.010, that the mode of

---

**2.** Appellant had actually been taken into custody without a warrant at 2:00 p.m. on April 28, 1981.

procedure which shall be first instituted by the filing of the indictment or information for an offense shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined, for his position that once the state has elected to proceed by filing a complaint in the Associate Circuit Court it cannot proceed through the grand jury at the same time.

As early as 1908 the Supreme Court ruled this point against appellant in *State v. Gieseke,* 209 Mo. 331, 108 S.W. 525, 526–527 [2, 3] when it held that this statute applied only to information filed in courts having jurisdiction to determine the guilt of the accused, and not to informations filed before a justice of the peace or before the St. Louis Court of Criminal Correction, merely for the purpose of binding the defendant over to await the action of the grand jury, and that the pendency of such an information in the St. Louis Court of Criminal Correction was no bar to indictment by the grand jury. See also *State v. Stidham,* 449 S.W.2d 634, 639 [4] (Mo. 1970).

▪ Appellant's contention that he has a constitutional right to be charged by information or have a preliminary hearing despite the fact he was charged by an indictment is not supported by Missouri Law. He cites no cases to support this proposition, and the Supreme Court has addressed these same issues and ruled to the contrary in *State v. Greer,* 605 S.W.2d 93 (Mo.1980) *vacated on other grounds,* 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981). In *Greer* the court held that; (1) a defendant in Missouri has no constitutional right to be charged with a crime by an information, and (2) the Missouri information—indictment procedure whereby a defendant charged by information is entitled to a preliminary hearing and a transcript of said hearing, but, where a defendant was charged by indictment for the same offense and whether grand jury proceedings were recorded was discretionary, did not deny murder defendant equal protection of the law under either the federal or state constitutions. Id. at 96–97 [2, 12].

We rule this Point against appellant.

Appellant's next Point is that the trial court erred in overruling his objection to the prosecutor's use of prior convictions in the rebuttal portion of argument as an attack upon his character, when he had not put his character in issue and prior convictions could only be referred to for the purpose of impeaching his credibility as a witness. The argument referred to has been set out hereinabove.

Appellant's objection was:

Judge, prior to saying to the jury, that this is the man who is so meek and mild, he made reference to a long string of convictions, injects the mention of the convictions and this is the man who is suppose [sic] to be so meek and mild indicates clearly, I believe that the state is arguing those convictions and his character, which he is not entitled to do, which is highly improper and which is prejudice. I ask that my objection to that line of argument be sustained and this jury be instructed to disregard it.

▪ We find this argument to be, at best, ambiguous. In the context in which it was made, the prosecutor was arguing the question of whose witnesses were lying when he prefaced the argument, to which the objection was made, with a question concerning the interest of appellant in the trial and his reasons to lie. The law in Missouri is clear that the state in a criminal prosecution has an absolute right to show prior convictions of a defendant who has testified for the sole purpose of affecting defendant's credibility and to argue this to the jury, *State v. Ray,* 600 S.W.2d 70, 74 [5] (Mo.App.1980); nevertheless, said argument should be carefully confined to that purpose and subject. *State v. Slay,* 406 S.W.2d 575, 580 [8] (Mo.1966).

▪ We conclude, that this argument does not clearly demonstrate on the part of the prosecutor any effort to have the jury employ appellant's prior convictions as evidence of guilt of the crime for which appellant was on trial. The argument was an effort to demonstrate to the jury that the

victim could not rebut appellant's version of what happened. His whole attack was on the credibility of appellant and his version of the homicide.

We rule this Point against appellant.

Appellant's final Point Relied On is that the trial court erred in refusing to submit to the jury Instruction MAI–CR 2d 2.41 tendered by him with an additional paragraph which informed the jury that if the defendant reasonably believed it was necessary to use the amount of physical force used in order to protect himself from David Gully, it was of no consequence that the appearances turned out to be false and that if he acted in lawful self-defense, as submitted in the instruction, he was to be acquitted, even though there was no immediate danger to him and no actual necessity to use such physical force as he used.

The issue raised by appellant under this Point is two-fold. First, whether the evidence supported submission of this paragraph and second, if so, whether failure to submit said paragraph constituted prejudicial error. Notes on Use, No. 6, to this instruction provides that "the inclusion or omission of . . . the material in paragraph 5 will depend upon the evidence in each case."

■■■ A defendant is entitled to an instruction on any theory of his case which the evidence tends to establish. *State v. Wooten*, 498 S.W.2d 562, 563 [2] (Mo.1973); *State v. Jones*, 627 S.W.2d 322, 323 [1] (Mo.App.1982).

Appellant contends that his testimony that from his prior contact and experience with the victim he was in fear of his life once the victim told him he was going to kill him and his belief that the victim was running to an apartment on the first floor to get another gun to kill him entitles him to the missing paragraph in the self-defense instruction.

■■■ In the State of Missouri the right to use deadly force is governed by statute, § 563.031.2. This statute codifies the common law rule that a person who reasonably apprehends danger may safely act on appearances and justifiably kill his assailant if that is necessary to avoid the apprehended violence. *State v. Sloan*, 47 Mo. 604, 612 (1871).

■■■ The "appearance doctrine" of *Sloan* serves to justify a person to act in self-defense although it later proves that the appearances were false. *State v. Minnis*, 486 S.W.2d 280, 283 [1] (Mo.1972). This is what distinguishes the "appearance doctrine" from "ordinary" self-defense in that in the former there is an element of mistake as to the necessity of defending one's self. The "appearance doctrine" has no applicability when there is no showing of an apparent factual situation which was misleading to the defendant. *State v. Sprake*, 637 S.W.2d 724, 727 (Mo.App. 1982).

There is no issue in this case of false appearance. Appellant's evidence is that he was unarmed and that Gully the victim was the one who was armed. That it was Gully who was armed and who became angered when appellant asked him for some narcotics while the victim and three others were "shooting" narcotics. According to appellant, Gully jumped up and rushed at him with a gun; however, James Holmes, one of the other persons in the room, attempted to stop the argument and Gully sat down in a chair by the table and placed the gun on the table, while he shot himself with some more narcotics. Gully dropped the gun to the floor, nodded off, and then picked the gun up again and set the gun back on the table. Before the last shot of narcotics Gully stated he was going to kill appellant. At this point appellant dived across the table and seized the gun because he believed Gully was going to kill him and shooting the victim was the only way he could get out of the apartment alive. Appellant and Gully wrestled for possession of the gun until appellant pushed Gully off of him, positioned the gun in firing position and commenced pulling the trigger. The gun misfired a couple of times and he never knew whether any bullets hit Gully. Gully broke loose and ran down the stairs with appellant following

him and firing the pistol. He did not know whether any of the shots hit Gully.

*State v. Sloan,* 47 Mo. 604 (1871) states the apprehension doctrine as follows, l.c. 612:

> When a person apprehends that some one is about to do him great bodily harm, and there is reasonable grounds for believing the danger imminent that such design will be accomplished, he may safely act upon appearance, and even kill the assailant if that be necessary to avoid the apprehended danger; and the killing will be justified, although it may afterward turn out that the appearances were false, and there was, in fact, neither design to do him serious injury nor danger that it would be done. He must decide at his peril of making that guilt, if appearances prove false which would be innocence had they proved true.

Two examples of when this doctrine applies were set out in this opinion. The first was:

> A., in the peacable pursuit of affairs, sees B. walking toward him with an outstreched arm and a pistol in his hand, and using violent menaces against his life as he advances. Having approached near enough in the same attitude, A., who has a club in his hand, strikes B. over the head before or at the instant the pistol is discharged, and of the wound B. dies. It turns out that the pistol was loaded with powder only, and that the real design of B. was only to terrify A.

The second example was *"Levett's* case," the facts of which were:

> Levett was in bed with his wife and asleep, in the night, when the servant ran to them in fear, and told them that thieves were breaking open the house. He arose suddenly, and, taking a drawn rapier in his hand, went down and was searching the entry for the thieves, when his wife, espying someone whom she knew not in the buttery, cried out to her husband in great fear, "Here they be that would undo us." Levett thereupon hastily entered the buttery in the dark, not knowing who was there, and thrusting with his rapier before him, killed Francis Freeman, who was lawfully in the house and wholly without fault.

In each of these examples the killings were held to be excusable homicide because the defendant acted upon information and appearances which were wholly false; and yet, as he had reasonable grounds for believing them true, defendant was held guiltless.

■ Instruction No. 11 on self-defense, MAI–CR 2d 2.41.1, as submitted to the jury properly covered appellant's evidence. Unlike the samples cited in *Sloan,* there was no evidence that the "appearances" which caused appellant to use the physical force he did use in order to protect himself from Gully were false or mistaken.

Under this evidence we conclude that the trial court did not err in denying appellant's tender of MAI–CR 2d 2.41.1 with paragraph 5 included. These facts as testified to by appellant do not demonstrate that he was misled in resorting to the use of deadly force, and he was therefore not entitled to an instruction on the "appearance doctrine." As appellant's testimony indicates, there was no evidence that Gully's aggressive acts were other than what they appeared to be, and there was therefore no evidence that appellant misapprehended the acts and thereby mistook the force required to repel it. *State v. Robinson,* 629 S.W.2d 422, 424 (Mo.App.1981).

Judgment affirmed.

PUDLOWSKI, P.J., and SMITH, J., concur.