STATE of Missouri, Respondent,

v.

Kenneth TERRY, Appellant.

No. 47196.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Robert M. Paskal, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Gary L. Gardner, Kansas City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of second degree murder and sentenced to 25 years imprisonment. We affirm.

On the afternoon of September 30, 1982, defendant had a physical fight on a porch with Michelle Love, a former girlfriend. During this fight, decedent approached the pair, exchanged a few words with defendant, and then walked away. The fight then broke up, with defendant and Love leaving the area.

About five minutes later, defendant returned carrying a gun. Defendant went up to decedent, grabbed him by his shirt, and asked if he lived there. Decedent, with his hands in the air, said "What's this?" The pair turned in a circle, and then defendant shot decedent twice in the chest. Defendant then ran. Decedent died a short while later.

The testimony of defendant at trial was largely the same as that of the other witnesses. Defendant claimed decedent left the scene of the fight, then returned, with a bulge under his shirt with a flash of silver. Fearing decedent was armed, defendant left, procured his gun, and returned to the scene to continue his argument with Michelle. She had left the scene, so defendant confronted decedent. Defendant lifted decedent's shirt to check if he was armed. When decedent went for his gun, defendant shot him twice, then ran. Decedent shot at defendant three times as he ran. Defendant's gun misfired as he tried to return the fire. Once defendant was out of range, he discarded his gun. Neither defendant's nor decedent's guns were found. No tests were conducted to determine if decedent had recently fired a gun.

■ Defendant claims error in the admission of three autopsy photographs of decedent showing entrance and exit bullet wounds to his chest. Of the three exhibits, only one was passed to the jury. Admissibility of evidence as a matter largely consigned to the trial court's discretion, who is in a better position to weigh evidentiary value against prejudice. *State v. Jackson,* 663 S.W.2d 312, 316 (Mo.App.1983). The pathologist's testimony describing the wounds did not render photographs showing those wounds irrelevant. *State v. Mitchell,* 659 S.W.2d 4, 5 (Mo.App.1983). We find no abuse of discretion.

■ Defendant next alleges the trial court failed to *sua sponte* instruct the jury on the appearance doctrine, using paragraph 5 of MAI–CR2d 2.41.1. Review is requested for plain error. Rule 30.20. An instruction on false appearances is to be given only if the evidence supports it. MAI–CR2d 2.41.1 Notes on Use 6. No evidence supports a claim that decedent's acts, as related by defendant, were actually other than what they seemed to be. Accordingly, it was not error, plain or otherwise, to fail to give the instruction. *State v. Butler,* 676 S.W.2d 809, 816–17 (Mo. banc 1984).

■ Points Relied On III, IV, and V allege plain error in the trial court's failure to *sua sponte* declare three state's witnesses incompetent to testify. Rule 30.20. All three witnesses were over ten years old, and presumed competent to testify. *State v. Locke,* 625 S.W.2d 631, 632 (Mo.App. 1981). This presumption may be rebutted by the party who challenges competency. The determination of competency will be set aside only on clear abuse of discretion.

Our examination of the testimony of these three witnesses convinces us there was no abuse of trial court discretion. We decline to review for plain error. Rule 30.20.

Finally, defendant attacks the conviction as not supported by sufficient evidence and was against the weight of the evidence. The weight of the evidence is not reviewable. *State v. King,* 662 S.W.2d 304, 309 [16] (Mo.App.1983). Upon reviewing the evidence and inferences in the light most favorable to the state, including defendant's admission he shot decedent, it is sufficient to support the verdict. *See State v. Gordon,* 649 S.W.2d 903, 905–06 (Mo. App.1983). Self-defense was not established as a matter of law. *State v. Kern,* 654 S.W.2d 147, 148–49 (Mo.App.1983), and was rejected by the jury.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.