STATE of Missouri, Respondent,

v.

Darlene D. STINSON, Appellant.

No. WD 36783.

Missouri Court of Appeals,
Western District.

July 8, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

---

John Edward Cash, Kansas City, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

Darlene Stinson was charged with homicide and in a jury trial she was convicted of manslaughter in the slaying of her husband by use of a .32 caliber pistol. On this appeal she contends first that the trial court erred in overruling her motions for a judgment of acquittal and second, that it was error for the court to use MAI–CR2d 2.20 to instruct the jury on burden of proof. The judgment and sentence are affirmed.

The first point of alleged trial error is a challenge to the sufficiency of the evidence to establish that the slaying was not committed in self-defense by appellant. As phrased in the brief, Stinson says that under the credible evidence, no rational trier of fact could have found beyond a reasonable doubt that she did not act in self-defense when she shot the victim. To evaluate the contention, it is necessary that the procedural aspects of the defense of self-defense be reviewed and those standards be then applied to the facts of the present case as disclosed by the evidence at trial.

The initial burden to inject the issue of justification in the case is on the defendant, but once self-defense is a viable issue in the case, it is the burden of the state to prove the absence of self-defense beyond a reasonable doubt. *State v. Buckles*, 636 S.W.2d 914, 924 (Mo. banc 1982). The elements of self-defense justifying use of deadly force are (1) an absence of aggression or provocation on the part of the defender, (2) a real or apparently real necessity for the defender to kill in order to save himself from an immediate danger of serious bodily injury or death, (3) a reasonable cause for the defender's belief in such necessity, and (4) an attempt by the defender to do all within his power consistent with his personal safety to avoid the danger and the need to take a life. *State v. Chambers*, 671 S.W.2d 781, 783 (Mo. banc 1984). Once the evidence, from whatever source, raises self-defense, the burden rests on the state as an element of conviction to prove beyond a reasonable doubt that the homicide was not justified. *State v. Isom*, 660 S.W.2d 739, 742 (Mo.App.1983).

Turning now to the evidence in this case, appellant contends the issue of self-defense was first injected in the case when the state, as part of its proof, offered appellant's statement given under custodial interrogation. She had there recounted the shooting as the consequence of fear that she would be physically assaulted by the victim during an argument over some personal possessions. The statement also indicated, however, that the fatal shot was fired after appellant had entered the house to procure the revolver and had returned to the front porch from where she fired at the victim standing near his automobile at the street curb. The state relied on this version of events to argue that the distance between assailant and victim was such that

the killing lacked the element of self-defense associated with a necessity to protect against immediate danger of serious bodily injury to the defender.

Appellant's testimony offered in her own defense repudiated the prior oral statements and asserted that the shot which killed the victim was fired while both appellant and the decedent were standing near the automobile, she at the corner of the car and he at the door. Appellant said the victim was approaching with threatening language and gestures and because of past abuse suffered at her husband's hand, she was in fear of her life. The issue of fact presented was therefore which of appellant's statements was accurate, the trial testimony or the account given to the police immediately after the event.

As a basis for her argument that the state did not disprove justification for the homicide, appellant relies on a contention that it was physically impossible for the fatal bullet to have been fired from the porch and to have struck the victim in the upper chest if he was shielded by the automobile which, according to the proof, bore no signs of bullet holes. Thus, appellant argues, the only credible evidence in the case was her trial testimony from which all elements of self-defense were satisfied and not disproved.

The problem with appellant's thesis is that its validity depends on accepting appellant's trial testimony as true to place the victim by the off-curb side of the car at the time when appellant was on the porch. There was no independent evidence requiring a conclusion that from her elevated position on the porch, appellant could not have had a clear field of fire in which to aim at and strike the victim with a bullet even though he was standing in the street at or near his automobile. If the jury were to believe appellant was truthful when she first described the shooting to the police, there was no impediment to a rejection of the self-defense contention. In short, the issue was simply one of which account given by appellant was true and which was false or mistaken.

■ Where evidence is conflicting, it is generally a question of fact for the jury to determine whether the accused acted in self-defense. *State v. Chambers, supra* at 782. Only when the evidence with regard to the elements of self-defense is clear and undisputed should the trial court order acquittal. *State v. Zeitvogel,* 655 S.W.2d 678, 693 (Mo.App.1983). Here, the question was for the jury, the issue of self-defense was submitted under appropriate instructions and the jury resolved the fact issues against the defense. That verdict was sustainable under the evidence.

Even apart from the fact question of where appellant was standing when she fired the revolver, submission of the case to the jury was warranted on another ground. According to appellant's trial testimony, the initial argument over the victim's efforts to retrieve personal possessions from his former residence took place inside the house. The victim then left and went to his car at which location he suffered the fatal wound. In the interval, appellant by her own statement acknowledged having obtained the weapon and having followed the victim in continuation of the dispute. Whether the shot which killed the victim was fired by appellant from the porch or from a position in the street near the automobile, the evidence of appellant's deliberate act to arm herself and to pursue the argument was a sufficient basis from which the jury could have found appellant to have been the aggressor and to have failed to do all within her power to avoid any perceived danger from the victim.

■ In her second point, appellant contends MAI–CR2d 2.20 is not a proper instruction because the instruction includes a definition of reasonable doubt. She says that the phrase "firmly convinced" lessens and dilutes the burden on the state to produce evidence in obtaining a conviction. At the same time, however, appellant concedes "that *some* definition of reasonable doubt was required." Appellant advocates the phrase "abiding conviction" recommended in *State v. Drake,* 298 S.W.2d 374, 377 (Mo.1957).

There is no claim in this case that appellant suffered deprivation of any constitutionally protected right nor does appellant cite any authority relevant to MAI–CR2d pattern instructions to buttress her claim that the present language of the form instruction has the effect she contends. Even were we persuaded that the form instruction could be improved by some modification of language, the Missouri Supreme Court has reserved to itself the authority to approve pattern instructions to juries in criminal cases. Rule 28.01.

The judgment and sentence are affirmed.

All concur.