STATE of Missouri, Respondent,

v.

James L. KENNEDY, Appellant.

No. 51430.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 1, 1987.

Rehearing Denied Jan. 7, 1988.

Michael F. Heavey, Lawrence D. Leip, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for manslaughter for which he was sentenced to a term of ten years' imprisonment. We affirm.

Defendant does not question the sufficiency of the evidence to uphold the conviction. His only point on appeal is that the trial court erred in failing to submit to the jury paragraph five of the self-defense instruction concerning appearances which turn out to be false. This portion of the instruction is only to be used when the evidence in a particular case warrants its use. Note on Use 6, MAI–CR2d No. 2.41.1; *State v. Terry,* 684 S.W.2d 874, 875 [2] (Mo.App.1984).

In examining the record for evidence of self-defense, we consider the evidence in a light most favorable to defendant. *State v.*

*Simmons*, 725 S.W.2d 162, 163 [1] (Mo. App.1987). Using that as a guide, the facts are as follows:

On January 9, 1984, defendant and victim were patrons of a tavern known as "Lil' Wiezer's." Victim had been at the tavern most of the afternoon and evening and was obviously intoxicated before the altercation with defendant. Defendant had only been at the tavern a short time before the altercation.

Around 11 p.m., Sandra Wiseman, the owner of the tavern, advised the victim he would no longer be served any alcoholic beverages because he was too intoxicated. Victim engaged in an abusive confrontation with the owner and the barmaid on duty. Victim then noticed defendant smiling at him and engaged defendant in an argument. Victim walked toward defendant, and the two engaged in a brief physical altercation, the result of which was victim being fatally stabbed by defendant.

Defendant advised the tavern owner to call an ambulance, then he fled the scene, apparently threatened by victim's friends in the tavern.

Defendant appeared later at the residence of Ann Buchanon, near the tavern, and requested her to call his wife to pick him up. Defendant was obviously injured. Defendant's brother picked him up, and he was later taken to the hospital and treated for a broken ankle, a broken jaw, and minor cuts and abrasions. His doctors stated the broken jaw was probably the result of a fist fight.

Defendant claims he acted in self-defense, and the self-defense instruction was given. As stated previously, this dispute concerns the refusal of the court to allow submission of paragraph five, the false appearances paragraph, which is to be offered where the evidence supports it.

The important portion of paragraph five, for our purposes, states: "If the defendant reasonably believed it was necessary to use the amount of physical force he used in order to protect himself from [Kenneth Kornhardt], it is of no consequence that *the appearances turned out to be false....*" (emphasis added) MAI–CR2d 2.41.1.5.

"[W]hat distinguishes the 'appearance doctrine' from 'ordinary' self-defense [is] that in the former there is an element of mistake as to the necessity of defending one's self. The 'appearance doctrine' has no applicability where there is no showing of an apparent factual situation which was misleading to the defendant." *State v. Thomas*, 674 S.W.2d 131, 137 [15, 16] (Mo. App.1984), *cert. denied*, 469 U.S. 1223, 105 S.Ct. 1213, 84 L.Ed.2d 354 (1985).

Defendant relies on our recent decision in *State v. Simmons*, 725 S.W.2d 162 (Mo. App.1987), requiring the false appearances instruction; however, the evidence in that case showed the defendant thought his victim had a gun, but there was no gun. This case is more like *State v. Minnis*, 486 S.W. 2d 280 (Mo.1972), which found no need for a false appearances instruction where "[t]here was no feigned conduct, no dissembled weapon, nor any circumstances creating an appearance of impending danger of great bodily harm when none existed. The deceased came at defendant with empty hands and the only danger defendant feared was the physical assault threatened by the deceased." *Id.* at 284.

In this case, there was no evidence to support a claim victim's acts were anything other than what they appeared to be. Victim was clearly the aggressor in the altercation; he was taller and heavier than defendant; and he was belligerent. These factors were shown in the evidence and considered by the jury in deciding to reject defendant's self-defense claim. Defendant was not entitled to the false appearances instruction because there was no evidence appearances later turned out to be false.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.