STATE of Missouri, Respondent,

v.

Linda F. WHITE, Appellant.

No. WD 39028.

Missouri Court of Appeals,
Western District.

Dec. 8, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied
March 15, 1988.

Sean D. O'Brien, Public Defender, Jo
Ann Arnold, Asst. Public Defender, Kansas
City, for appellant.

William Webster, Atty. Gen., Jefferson
City, Philip M. Koppe, Asst. Atty. Gen.,
Kansas City, for respondent.

Before NUGENT, P.J., and
SHANGLER and BERREY, JJ.

BERREY, Judge.

Linda F. White appeals her conviction in
a jury trial of murder in the second degree
and armed criminal action. Appellant re-
lies on two points in her appeal: (1) that
the trial court erred by refusing to allow
part of the testimony of a defense witness
claiming it as prior consistent statement
necessary for rehabilitation; and (2) that
the trial court erred by overruling the de-
fendant's motion for judgment of acquittal
by reason of self-defense.

On Saturday, November 30, 1985, Linda
F. White and her "manfriend" Thomas Coo-
per were at her house socializing and drink-
ing. The appellant had been drinking gin
and beer since shortly after noon and con-
tinued drinking throughout the day. Coo-
per joined her at her house and they went
out to replenish the gin and beer supply.
They left a second time and returned short-
ly, beers in hand. At approximately 10:30
p.m. Wesley Hess, the victim, dropped by
the house. He knocked on the door and
identified himself in response to a query by
White's daughter, Brenda Moss. When
asked by White what he had come for he
replied that he had come around for a light.
Moss opened the door and admitted him to
the house. Hess, on previous occasions,
had visited with White and Cooper at the
house where they sat around drinking and
talking, a fairly regular routine on week-
ends.

Hess was given both gin and beer to
drink by White. Cooper left the room for a
while to talk to his son who had dropped by
the house. He came back into the house

and sat on the dining room floor. White and Hess sat together on a sofa bed in the living room. Hess asked White for a light. She gave him one. Hess got another beer and they started talking. Hess was subsequently shot and killed by the appellant, Linda White, who then left the house. Cooper took the gun, wrapped it in a towel, and hid it upstairs. Appellant called the police from a neighbor's house and then went down the street to the home of Thomas McGee, the father of three of her children.

The shooting itself is not contested. The issue at the trial was the circumstances surrounding the killing. The appellant claimed the shooting occurred in self-defense, that she was afraid that the victim, Wesley Hess, was about to rape her. She testified he called her names, slapped her and pulled her down on the sofa bed when she got up to show him the door. This is when she grabbed the gun from the floor near the sofa and shot twice, striking Hess with both shots. Mr. Cooper, as a defense witness, gave evidence which supported a claim of self-defense testifying that Hess pulled the appellant down on her way to the door. This was the first time he had made such a statement, as he had failed to mention it to the police or in a prior testimony at appellant's first trial which ended in a mistrial.

Brenda Moss, the appellant's daughter, was the chief witness for the state. She told a substantially different story. Brenda was living with her mother at the time of the murder and she was present on that occasion. She testified that she saw her mother sitting and talking on the sofa bed with an intoxicated Hess. She went into the kitchen and listened to the rest of the conversation. She heard her mother tell Hess to "[g]et your damn hands out of my pocket." She then went in and saw Cooper, who got up from the dining room floor and told Hess to get up and leave. Cooper extended a hand to Hess to help him up. She then testified that White knocked Cooper's hand away and shot twice at Hess. She did not see Hess slap her mother or make any moves toward her.

■ Defense witness Thomas Cooper testified on cross-examination that the appellant told the victim to get out of her house whereupon the victim grabbed her by the arm and pulled her down on him. He admitted that he had made no mention of this in previous testimony, nor had he told the police. On re-direct examination the defense attempted to rehabilitate the witness by referring to an interview with Cooper by an investigator from the public defender's office. Counsel for the defense asked, "Did you tell Mr. Ross that Mr. Hess ignored her and grabbed Linda by the arm pulling her down on the bed while Linda was trying to get away from Mr. Hess?" The witness answered in the affirmative. The state objected on hearsay grounds, and this objection was sustained. The defense characterizes this question as an attempt to introduce evidence of a prior consistent statement.

There is no question that a prior consistent statement may be used to rehabilitate a witness impeached by a prior inconsistent statement. *State v. Renner*, 675 S.W.2d 463, 466 (Mo.App.1984). There are, however, some requirements for its use. The prior consistent statement must be relevant to the inconsistent statement in order to be admissible. It "can be used only to the extent necessary to counter the subject on which the defendant was impeached." *State v. Clark*, 711 S.W.2d 928, 933 (Mo. App.1986). Here there was no prior inconsistent statement to be rehabilitated. There was no prior statement at all, but rather the lack of one. Cooper testified that he had not made this statement in earlier testimony nor had he told police about it.

■ White also contends that the evidence shows as a matter of law that she killed Hess in self-defense thus her motion for judgment of acquittal should not have been overruled. To show self-defense as a matter of law the evidence must be undisputed and uncontradicted. *State v. Stinson*, 714 S.W.2d 839, 841 (Mo.App.1986). *See also, State v. Zeitvogel*, 655 S.W.2d 678, 693 (Mo.App.1983); *State v. Kern*, 654 S.W.2d 147, 149 (Mo.App.1983). It is a rare

case indeed where such a showing can be made. This is not that rare case. Far from meeting such an exacting standard the testimony is riddled with dispute and controversy. Where the evidence is conflicting on the issue of self-defense it becomes a question of fact for the jury to decide. *State v. Stinson, supra,* 714 S.W.2d at 841. *See also, State v. Chambers,* 671 S.W.2d 781, 782 (Mo. banc 1984). Here the question was properly put before the jury. Witnesses gave different versions of the events surrounding the shooting of Hess, and the jury resolved these factual issues against the appellant.

Judgment affirmed.