Anthony WREN, Appellant,

v.

STATE of Missouri, Respondent.

No. 53760.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 24, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Dorothy Mae Hirzy, Sp. Public Defender, Beverly A. Beimdiek, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Anthony Wren, appeals the denial of his Rule 27.26 motion without an evidentiary hearing. Wren was convicted by a jury of second degree murder in the stabbing death of his neighbor, and he was sentenced to life imprisonment. His conviction was affirmed on direct appeal. *State v. Wren*, 643 S.W.2d 800 (Mo.1983). Wren now appeals from the denial of his Rule 27.26 motion. He alleges that defense counsel rendered ineffective assistance when the attorney failed to call as a witness the physician who examined inju-

ries sustained by Wren after the incident in question. Wren also maintains that he received ineffective assistance because his counsel did not request an instruction on the appearance doctrine, as provided for in paragraph five of MAI–CR2d 2.41.1. Finding Wren's contentions to be without merit, we affirm.

At the outset, this court recognizes the appropriate standard of review. Appellate review of a trial court's decision in ruling on a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). We will not disturb the motion court's decision unless this court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In addition, in order to be entitled to an evidentiary hearing, a movant must set forth in his Rule 27.26 motion facts, not conclusions, which, if true, would entitle him to relief, and he must show that such facts are not refuted by the record. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App., E.D.1986). Moreover, a movant must demonstrate that the matters complained of resulted in prejudice to himself. *Id.*

■ In his first point, Wren argues he received ineffective assistance because counsel did not call as a witness the physician who examined Wren after the incident in question; instead, counsel stipulated to the admission into evidence of the report made by the examining physician. In making this allegation, Wren must overcome the strong presumption that counsel made all significant decisions in the exercise of his reasonable professional judgment. *Williams v. State*, 730 S.W.2d 284, 287 (Mo.App., E.D.1987). At trial, Wren's defense was premised on the contention that Wren committed the homicide in self-defense. The medical report made by the examining physician indicated that Wren was cut twice on the right palm. Wren testified that he was cut on both hands and underneath the chin. However, Wren admitted on cross-examination that he did not inform the examining physician that he

was cut on his chin, and furthermore admitted that he replied, upon being asked by the physician as to where he was injured, "[m]y hurts are *nowhere but my hands.* [sic]" (emphasis added). Wren's Rule 27.26 motion fails to allege that the physician would have corroborated Wren's testimony at trial that his chin was cut, which testimony was itself contradicted by Wren, or that the physician would have presented additional and favorable information not contained in the medical records. Thus, movant's Rule 27.26 motion does not allege any facts which would entitle him to relief. Moreover, assuming *arguendo* that Wren did set forth facts, such facts are refuted by the record at trial. This point is denied.

■ In his second point, Wren contends that he received ineffective assistance because his counsel failed to request that the trial court instruct the jury on the appearance doctrine, as it is set forth in MAI–CR2d 2.41.1(5). The appearance doctrine affords a right of self-defense to a defendant who, based on appearances relevant to a specific situation, believes that it is necessary to use deadly force in defending himself, even if these appearances are subsequently proven to be false. *State v. Ferguson*, 581 S.W.2d 132, 136 (Mo.App., W.D.1979). The distinction between the appearance doctrine of self defense and ordinary self defense is that in the former there is the element of mistake as to the necessity of defending oneself. *State v. Thomas*, 674 S.W.2d 131, 137 (Mo.App., E.D.1984), *cert. denied, Thomas v. Missouri*, 469 U.S. 1223, 105 S.Ct. 1213, 84 L.Ed.2d 354 (1985). At Wren's trial, an instruction as to ordinary self-defense was submitted to the jury.

■ The motion court found that it was not ineffective assistance for counsel not to seek an instruction as to the appearance doctrine. We agree. For, the appearance doctrine has no applicability where there is no showing of an apparent factual situation which was misleading to the defendant. *State v. Thomas*, 674 S.W.2d at 137. In the present case, Wren did not allege at trial that the danger of harm which he faced did not in fact exist. Wren

testified that the murder victim attacked him with a broken bottle and cut him on the hands and the chin; that at the time of the attack Wren was carrying a butcher knife with a twelve to thirteen inch blade; and that, in order to prevent further harm to himself and to repel the victim's attack, he used the butcher knife to stab the victim. Thus, there was no evidence to support the theory that the victim's aggressive act, as it was testified to by Wren, was other than it appeared to be. The appearance doctrine applies only where there is evidence that a defendant misperceived an act by his victim and thereby mistook the force required to repel it. *State v. Butler*, 676 S.W.2d 809, 816 (Mo. banc 1984). It is incorrect for a trial court to offer an instruction embracing the appearance doctrine if there is no evidence to support its submission. *State v. Terry*, 684 S.W.2d 874, 875 (Mo.App., E.D.1984). This point is denied.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.