**STATE of Missouri, Respondent,**

v.

**Donald VANCIL, Appellant.**

No. 73779.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 22, 1998.

Lance G. Eberhart, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

**RICHARD B. TEITELMAN, Judge.**

Defendant Donald Vancil appeals from a judgment entered after a jury verdict convicting him of two counts of first degree assault, Section 565.050 RSMo 1994. The Honorable Joan M. Burger sentenced him to two terms of ten years' imprisonment to be served concurrently. Defendant appeals his conviction as to Count II, first degree assault of Dennis Williams, arguing the trial court erred in refusing to instruct the jury on the affirmative defense of defense of another. We affirm in part and reverse and remand in part.

On the night of March 6, 1996, Defendant Vancil, Anthony Dixon, Toni Sullivan, Erich Johnson and Betsy Reinhold went to the QuikTrip at 5017 Gravois to purchase beer. As the group exited the car and walked into the store, Dixon spotted Larry Rose and Dennis Williams in the parking lot. According to Dixon's testimony, one of the men was staring at him.

Shortly thereafter, a melee ensued between the two groups on or about the Quiktrip premises, resulting in serious bodily injury to both Larry Rose and Dennis Williams. At one point, Defendant Vancil entered the fight by attacking the victim who was pursuing Dixon into the Quiktrip store. However, due to the conflicting nature of the testimony presented at trial, it is not clear which victim Defendant Vancil attacked allegedly in Dixon's defense.

Defendant Vancil was arrested and charged with assault on both victims. At trial, defense counsel offered Instruction A, involving the defense of defense of another, before the jury retired to consider its verdict. Instruction A, patterned after MAI–CR3d 306.08 reads:

**INSTRUCTION NO. A**

One of the issues in this case is whether the use of force by the defendant against Dennis Williams and Larry Rose was in defense of another person. In this state, the use of force to protect another person from harm is lawful in certain situations.

A person can lawfully use force to protect another person against attack unless, under the circumstances as he reasonably believes them to be, the person he seeks to protect would not be justified in using such force to protect himself. If, under the circumstances as a person reasonably believed them to be, the person he seeks to protect was the initial aggressor and had not withdrawn, then he is not entitled to use force to protect the other person.

If the person trying to protect another has such a belief, he is then permitted to use that amount of force which he reasonably believes to be necessary to protect the other person.

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, that is, grounds which could lead a reasonable person in the same situation to the same belief. This depends upon how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

On the issue of the defense of another person as in this case, you are instructed as follows:

If, under the circumstances as the defendant reasonably believed them to be, Anthony Dixon was not the initial aggressor in the encounter or, if he was, that he had clearly indicated to the victim his withdrawal from the encounter and if the defendant reasonably believed Anthony Dixon was in imminent danger of harm from the acts of Dennis Williams and Larry Rose and the defendant used only such force as reasonably appeared to be necessary to defend Anthony Dixon, then he acted in lawful defense of another person.

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful defense of another person. Unless you find beyond a reasonable doubt that the defendant did not act in lawful defense of another person, you must find the defendant not guilty.

Though the trial court did submit an instruction on defense of another with respect to Larry Rose, the court rejected the instruc-

tion as to Dennis Williams, determining that no evidence of defense of another had been shown by the Defendant or the State.

Defendant was convicted by the jury of two counts of first degree assault. The Honorable Joan M. Burger sentenced Defendant as a prior offender to ten years' imprisonment on each Count, sentences to be served concurrently.

On appeal Defendant argues, and the State concedes, that the trial court erred in failing to submit Defendant's proposed Instruction A, relating to the defense of defense of another as to Count II, Dennis Williams, because the evidence supported a finding that Defendant was possibly acting in the defense of Anthony Dixon. We agree.

When analyzing whether a proffered jury instruction should have been given, "the evidence must be reviewed in the light most favorable to defendant's hypotheses...." *State v. Merritt*, 734 S.W.2d 926, 930 (Mo.App. E.D.1987), citing *State v. Ehlers*, 685 S.W.2d 942, 948 (Mo.App. S.D.1985). If evidence exists establishing a theory of a defendant's case, the defendant is entitled to an instruction on that theory. *Id.*, citing *State v. Thomas*, 674 S.W.2d 131 (Mo.App. E.D.1984). Under MAI–CR 3d 306.08, whenever there is evidence supporting the defense of defense of another, "this instruction must be given." MAI–CR 3d 306.08, Notes on Use 2; *State v. Bell*, 798 S.W.2d 481, 488 (Mo.App. S.D.1990).

In regard to the concept of self-defense, what one may do for himself, he may do for another. A person may defend another, even if the person defended is the initial aggressor, as long as the defended has withdrawn from the encounter and communicated such withdrawal to the other person. Section 563.031.1(1)(a) RSMo 1994. Defense of another is available if, under the circumstances as the actor reasonably believes them to be, the person whom he seeks to protect would be justified in using such protective force in defense of himself. *State v. Taylor*, 770 S.W.2d 531, 533, (Mo.App. E.D.1989), citing *State v. Taylor*, 610 S.W.2d 1 (Mo. banc 1981). The reasonableness of a defendant's belief in the necessity of using force is a question for the jury. *Id.* Therefore, whenever there is evidence supporting this defense, this instruction must be given. *State v. Bell*, 798 S.W.2d at 488.

The State concedes that due to the conflicting nature of the evidence presented, the evidence as to the defense of another, when viewed in a light most favorable to the defense, showed that it could have been that either Larry Rose *or* Dennis Williams who was pursuing Dixon and who was subsequently attacked by Defendant.

We find there was evidence supporting a defense of defense of another. Therefore, the trial court should have given the instruction for Count II as well as Count I. Accordingly, we reverse Defendant's conviction of Count II, first degree assault of Dennis Williams, and remand for a new trial with proceedings consistent with this opinion. The conviction and sentence as to Count I is affirmed.

JAMES R. DOWD, P.J. and CRAHAN, J. concur.